IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HORMOZ SHASHANI | * |
| **Plaintiff** | * |
| v. | * |
| | *  CIVIL NO. PJM 06-2056 |
| LT. GEN. CHARLES CROOM, | * |
| Director, Defense Information | * |
| Systems Agency | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Hormoz Shashani, *pro se,* has filed a claim against the Defense Information Systems Agency (DISA) under Title VII of the Civil Rights of 1964 alleging discrimination based upon national origin. DISA has filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(3), or in the alternative for transfer of venue to the United States District Court for the Eastern District of Virginia pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1404. Having determined that oral argument would not assist in the resolution of this matter, the Court is prepared to rule on the pleadings. *See* Local R. 105.6 (D. Md. 1999). For the reasons set forth below, the Court GRANTS the Motion to Transfer. The Motion to Dismiss is MOOT.

In January 2005, DISA tentatively offered Shashani employment in its Virginia office contingent upon his receiving a security clearance. In April 2005, however, the Agency denied him clearance and rescinded the offer, a decision which Shashani claims was motivated by discrimination based on his national origin.[1]

---

[1] Shashani's national original is unknown to the Court, because it is not noted in any of the

1

DISA's Motion to Dismiss or Transfer relies on 42 U.S.C. § 2000e-5(f)(3), which provides that venue is proper; 1) in any judicial district in the state where the alleged discriminatory employment practice occurred, 2) the judicial district where the employment records relevant to the alleged discrimination are administered and maintained, and 3) the judicial district where the aggrieved person would have worked were it not for the alleged discriminatory employment action. *Benton v. England*, 222 F. Supp. 2d 728, 730 (S.D. MD. 2002); *see also Lengacher v. Reno*, 75 F. Supp. 2d 515, 518 (E.D. VA. 1999); *McNeill v. James*, No. 04-1807, 2004 WL 2538400, at *1 (D. MD. Nov. 9, 2004).

The Agency argues that venue lies in Virginia under all three of the venue preferences articulated in 42 U.S.C. § 2000e-5(f)(3). First, the allegedly discriminatory denial of Shashani's security clearance occurred in Virginia. Second, the pertinent employment records are maintained and administered by the Agency in its Virginia and Indianapolis offices. Third, if Shashani had not suffered the alleged discriminatory employment action he would be employed in Virginia.

Finally, if a defendant cannot be found under any of the § 2000e-5(f)(3) venue preferences, venue lies in the jurisdiction where the defendant maintains its principal offices. *See Stebbins v. State Farm Mutual Automobile Ins. Co.*, 413 F.2d 1100, 1103 (D.C. Cir. 1969); *Archeuleta v. Sullivan*, 725 F.Supp. 602, 604-05 (D.D.C. 1989). DISA points out that its principal office is in Virginia.

Shashani responds that 42 U.S.C. § 2000e-5(f)(3) does not apply to actions against DISA,

---

docketed papers.

because it is a United States government agency. Venue should lie, he argues, in the District Court for the District of Maryland, Southern Division, because it is geographically convenient for both parties under 28 U.S.C. §1404(a).

The Court agrees with DISA. First, 42 U.S.C. § 2000e-5(f)(3) determines venue for Title VII claims against government agencies. *See, e.g.*, *Benton*, 222 F. Supp. 2d at 730, *Lengacher,* 75 F.Supp.2d at 518; *McNeill,* No. 04-1807, 2004 WL 2538400 at *1. For the reasons stated in DISA's brief and summarized above, all three venue preferences support jurisdiction in the Eastern District of Virginia. Additionally, the Agency maintains its principal office in Virginia, supporting venue in Virginia under the fourth venue preference. *See* Discussion *infra*.

Second, the Court is unpersuaded by Shashani's claim that venue is proper in Maryland for the convenience of the parties under 28 U.S.C. § 1404(a). Section 1404(a) states, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action" to another court where the action could have been brought. Convenience, however, does not necessarily require venue in the courthouse nearest the geographic mid-point between the parties as Shashani would have it. Where "the Defendant resides in another district, the claims giving rise to litigation arose in that other district, and most if not all the witnesses to the alleged misconduct reside or work in the other district, courts routinely order transfer." *Willoughby v. Potomac Elec. Power Inc.*, 853 F.Supp.174,176 (D. Md. 1994); *see also Vasconcellos v. Cybex Int'l Inc.*, 926 F. Supp.701, 707 (D. Md. 1997). That is the case here: Virginia is where both DISA and the relevant witnesses are located and where the alleged conduct occurred. Accordingly, venue lies in Virginia.

For the foregoing reasons, DISA's Motion to Transfer is GRANTED and their Motion to DISMISS is MOOT. A separate order WILL ISSUE.

|  |  |
|---|---|
| April 13, 2007 |           /s/          <br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |